UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEMETRICE PRINCE, and
ALEXANDRA PRINCE,

    *Plaintiffs,*

v.

WESTLAKE SERVICES, LLC d/b/a
WESTLAKE FINANCIAL and A CLASS
AUTO SALES INC.,

    *Defendants.*

Civil Action No.: 23-cv-1021

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Plaintiffs, Demetrice Prince ("Mr. Prince") and Alexandra Prince ("Mrs. Prince" and together with Mr. Prince, the "Princes" or "Plaintiffs"), bring this action for money damages, injunctive relief, and declaratory judgment, seeking redress for unlawful practices relating to their purchase of a used 2013 Mazda CX-9 (VIN JM3TB3DV2D0402596) (the "Vehicle") on July 17, 2021.

2. Plaintiffs are victims of deception at the hands of A Class Auto Sales Inc. (the "Dealership") who falsified the Vehicle's odometer mileage and/or knew that the odometer mileage reading was false, and failed to disclose the Vehicle's prior safety recall and front-end damage history.

3. As a result, Plaintiffs experienced surcharges and/or were overcharged for the Vehicle that was in fact worth much less than its price.

4. Plaintiffs seek injunctive relief, declaratory relief, as well as actual and punitive damages against Defendants for, *inter alia*, violations of the Federal Odometer Law, Magnuson-

Moss Warranty Act, New York General Business Law § 349 and § 350, and for common-law fraud.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 49 U.S.C. §§ 32703 and 32705.

6. This Court, additionally, has jurisdiction pursuant to 15 U.S.C. § 2310(d).

7. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

8. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and the defendants maintain offices, transact business, and are otherwise found in this district.

## THE PARTIES

10. Plaintiffs Demetrice Prince and Alexandra Prince are, and at all times material to this Complaint, have been residents of Brooklyn, New York.

11. Plaintiffs are consumer-purchasers of the Vehicle.

12. Defendant A Class Auto Sales Inc. ("the Dealership") is an automobile dealership located in Brooklyn, New York, that sold the Vehicle to Plaintiffs.

13. The Dealership was, at all times materially relevant to this Complaint, a creditor.

14. Defendant Westlake Services, LLC, d/b/a Westlake Financial ("Westlake") is a California corporation, duly authorized and qualified to do business in New York.

15. Westlake provides automobile loans and loan servicing nationwide, including in the state of New York.

16. Westlake is, upon information and belief, the assignee of certain contracts with the Dealership, as discussed below.

17. To the extent Westlake is not directly liable, Westlake is liable as an assignee (e.g. pursuant to 16 CFR § 433.2, N.Y. Pers. Prop. Law § 302.9(a), the Retail Installment Contract ("RIC") between Plaintiffs and the Dealership, and other applicable law) and/or based on agency principles.

**FACTS**

18. In mid-2021, Plaintiffs were shopping for a car online.

19. Plaintiffs found an online advertisement for a vehicle and went in-person to the Dealership to see it.

20. On or around July 17, 2021, when Plaintiffs arrived at the Dealership, the Dealership's representative recommended a different car than that which the Plaintiffs were originally interested in.

21. The Dealership's representative presented the recommended vehicle to the Plaintiffs.

22. Plaintiffs requested to test drive the Vehicle.

23. The Dealership's representative did not allow the Plaintiffs to test drive the Vehicle.

24. The Dealership's representative informed the Plaintiffs that the Vehicle's odometer reading was 92,820 miles.

25. Plaintiffs agreed to a $1,500.00 down payment for the Vehicle, leaving $15,262.81 to be financed.

26. The Dealership's representative asked Plaintiffs to sign the loan agreement on a small electronic tablet.

27.     The Dealership's representative also asked the Plaintiffs to sign physical documents.

28.     The Plaintiffs also received documents from the Dealership which stated that its odometer mileage was 92,820.

29.     The Certificate of Title dated August 10, 2021, indicated that the Vehicle's odometer reading was 92,878.

30.     In mid-December 2021 to early January 2022, the Plaintiffs refinanced their loan from Westlake to Capital One Financial Corporation.

31.     On or around November 25, 2022, the Plaintiffs visited another car dealership with the intention of trading the Vehicle for another car.

32.     At the car dealership, Koepel Mazda, Plaintiffs were presented with the Carfax report for their current Vehicle.

33.     The Plaintiffs had never received a copy of the Carfax report for the Vehicle from the Dealership at the time it was purchased.

34.     From the Carfax Report, the Plaintiffs learned that the Dealership falsified, and/or knew or should have known that the odometer mileage was falsified; and, failed to disclose information regarding a prior safety recall and front-end damage from a collision.

35.     The documents that the Plaintiffs were provided by the Dealership stated that the Vehicle's odometer read 92,820, whereas the Carfax report revealed that the Vehicle had a rolled-back odometer, which was, at a minimum, deliberately concealed from the Plaintiffs.

36.     The Carfax report indicated that the Vehicle's odometer mileage was, on July 8, 2020 (approximately one year prior to its purchase by the Plaintiffs), 143,983 miles.  Thereafter, on June 7, 2021, the odometer reading was 92,820 miles, and, on June 11, 2021, was 92,878 miles.

37. Consequently, between July 8, 2020, and June 11, 2021, the odometer reading decreased by more than 50,000 miles.

38. The Plaintiffs also learned that the Vehicle had a manufacturer safety recall issued on July 28, 2015, which the Dealership failed to inform the Plaintiffs of, and which they were otherwise unaware of.

39. The Dealership also failed to disclose that the Vehicle previously sustained front-end damage that was reported to Carfax on August 17, 2018.

40. As a result, the Plaintiffs experienced surcharges and/or were overcharged for the Vehicle, as it was worth much less than its fraudulently established purchase price at the Dealership.

**FIRST CAUSE OF ACTION**
**Violation Of Federal Odometer Law**
**(All Defendants)**

41. Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if set forth fully herein.

42. The conduct of Defendants in rolling back the odometer on the Vehicle, and/or making and participating in making false statements concerning the Vehicle's mileage, and/or by conspiring to roll back the odometer in order to sell the vehicle for a fraudulently inflated price due to its false mileage, constituted violations of Title 49 U.S.C. §§ 32703 and 32705, and the regulations for the enforcement of the federal odometer statutes at 49 C.F.R. §§ 580.1, et seq.[1]

43. As a proximate result of these violations of the law, the Plaintiffs suffered actual damages.

44. The Defendants intended to defraud the Plaintiffs, such that pursuant to Title 49 U.S.C. § 32710, Plaintiffs are entitled to three times their actual damages or $1,500, whichever is

greater, against each of the defendants, plus their reasonable attorney's fees and the costs of this action.

## SECOND CAUSE OF ACTION
### Breaches Of The Magnuson-Moss Warranty Act
### (All Defendants)

45. The Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

46. The representation of the odometer mileage at the time of sale constituted an express warranty in that it was a material characteristic of the vehicle, its value, its potential for resale, whether it was legally operable, and whether it was legal for the Dealership to sell as roadworthy. *See* 49 U.S.C. §§ 32703 and 32705. These warranties were breached because the representations were false, and the Dealership knew or should have known that the odometer condition rendered the vehicle legally inoperable. *Id.*

47. The Vehicle was also not merchantable due to the breach of express and implied warranties under New York Uniform Commercial Code ("N.Y. U.C.C.") §§ 2-313, 2-314, in that it was not fit for the ordinary purposes for which such a vehicle, with its mileage as represented, was sold; and, because with the mileage egregiously misstated, the vehicle did not conform to its affirmed and promised condition. *Id.*

48. Plaintiffs suffered actual damages proximately caused by these breaches of warranties as alleged.

49. The breaches of implied warranties under New York law constituted violations of the federal Magnuson-Moss Warranty Act, such that pursuant to Title 15 U.S.C. § 2310(d), Plaintiffs are entitled to recover their actual damages, punitive damages, and reasonable attorney's fees.

6

50. The conduct of each of the defendants rose to the level of commission of independent torts as alleged in this Complaint, such that the Plaintiffs are entitled to separate awards for punitive damages against each of the Defendants.

### THIRD CAUSE OF ACTION
### Violations of N.Y. GEN. BUS. LAW § 349(h) (Deceptive Practices)
### (All Defendants)

51. Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if set forth fully herein.

52. Each of the deceptive acts and practices set forth above constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

53. To wit, wholly apart from the inadequacy of the Vehicle information disclosures and non-disclosures provided to Plaintiffs, the Defendants' acts and practices on behalf of itself, all of which occurred after the nominal assignment of the loan purchase contract, constitute violations of NYGBL § 349, which makes deceptive acts in the conduct of business, trade, commerce or the furnishing of a service in this state, unlawful, independent of whether these acts and practices constitute violations of any other law

54. These deceptive acts and practices were committed in the course and conduct of business, trade, commerce or the furnishing of a service in this state.

55. Each of these actions was consumer-oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are of the type that could easily recur, potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

56. These false and deceptive consumer-oriented actions misrepresent the actual rights and obligations of consumers.

57. These false and deceptive consumer-oriented actions and representations serve to convince consumers that they will be able to purchase or lease an automobile, only to pay surcharges for a Vehicle that was worth much less, if anything at all, after committing to purchase or lease the vehicle based on the Dealership's materially false representations.

58. The Dealership's false and deceptive consumer-oriented actions result in Defendants receiving and retaining payments as the result of transactions into which consumers, and Plaintiffs specifically, would not have entered if the true facts had been known.

59. The Dealership's conduct and statements described above are materially misleading.

60. As a result of these violations of NYGBL § 349, Plaintiffs suffered and continues to suffer pecuniary and non-pecuniary harm.

61. The Dealership's violations were willful and knowing and committed in bad faith.

62. For these reasons, Plaintiff is entitled to actual damages, three times the actual damages up to $1,000, punitive damages, injunctive relief, costs and reasonable attorneys' fees pursuant to NYGBL §349(h), and a declaratory judgment that Defendants' practices are deceptive as defined under § 349.

63. By extension, Westlake is liable for these same violations, as the eventual holder of the finance agreement for the Plaintiffs' purchase of the Vehicle.

## FIFTH CAUSE OF ACTION
### Violations of N.Y. Gen. Bus. Law § 350 (False Advertising)
### (All Defendants)

64. Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if set forth fully herein.

65. Under NYGBL § 350, "false advertising" means:

> [A]dvertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

66. The Dealership's oral and written representations of the Vehicles' odometer mileage, as well as the undisclosed Vehicle's safety recall and front-end damage were materially misleading and constitute false advertising pursuant to NYGBL § 350.

67. The Dealership's false advertising –the representations made to Plaintiffs at the dealership – were done knowingly and willfully and were committed in bad faith.

68. As a result of these violations of NYGBL § 350, Plaintiffs – who would not have purchased the Vehicle but for the Dealership's false advertising – suffered actual damages as set forth herein.

69. For these reasons, Plaintiff is entitled to injunctive relief (enjoining the false advertising practices described above), actual damages as set forth herein, three times the actual damages up to $10,000, punitive damages, and reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### Common Law Fraud
### (All Defendants)

70. Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if set forth fully herein.

71. As set forth above, the Dealership defrauded Plaintiffs by, *inter alia*, overcharging Plaintiffs for the Vehicle.

72. Discovery will show the Dealership intended to deceive Plaintiff.

73. Plaintiffs believed and justifiably relied upon the Dealership's representations. Plaintiffs had no reason to know or expect that the Dealership deceived them through the misrepresentation of the Vehicle (*i.e*, falsified odometer mileage, as well as undisclosed safety recall and previous front damage).

74. Had the Dealership been truthful and not made these fraudulent misrepresentations, Plaintiffs would have walked away and avoided the transaction entirely.

75. As a result of such reliance, Plaintiffs sustained actual damages (including both pecuniary and non-pecuniary damages).

76. Moreover, the Dealership's conduct was egregious on every level, involving outright deception.

77. As a result of Plaintiff's reasonable reliance upon the Dealership's misrepresentations, Plaintiffs are entitled to actual damages as set forth above, punitive damages, and costs.

## SIXTH CAUSE OF ACTION
### Recission

78. Plaintiffs repeat and re-allege each of the foregoing paragraphs of this Complaint as if set forth fully herein.

79. As set forth above, the RICs are forged.

80. As also set forth above, Plaintiff would not have signed the RICs but for the Dealership Defendants' fraudulent conduct.

81. The Dealership Defendants' misconduct was material and willful.

82. Damages will not afford Plaintiff a complete and adequate remedy and the status quo may be substantially restored by equitable relief.

83. Plaintiff is entitled to rescind her contract to purchase the Vehicles and all related contracts and services.

84. As a result of these violations, Plaintiff is entitled to rescission of the RICs, restitution of all monies paid thereunder, and costs and expenses.

**WHEREFORE**, Plaintiffs seeks judgment in his favor and damages against Defendants:

(a) awarding Plaintiffs actual damages, punitive damages, costs and expenses, and reasonable attorneys' fees;

(b) injunctive and declaratory judgment; and

(c) such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demands a trial by jury as to all issues so triable.

Dated: February 8, 2023

        Respectfully Submitted,

        */s/Daniel A. Schlanger*
        Daniel A. Schlanger
        Schlanger Law Group LLP
        80 Broad Street, Suite 1301
        New York, NY 10004
        T: 212-500-6114
        F: 646-612-7996
        E: dschlanger@consumerprotection.net

        *Attorney for Plaintiffs*